Angela Pak CA Bar No. 240177
angela.pak@ogletree.com
Nicole A. Naleway CA Bar No. 300701
nicole.naleway@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendants
Sodexo, Inc.; Sodexo Remote Sites
USA, Inc.; Sodexo, Inc. and
Affiliated Companies; and
SDH Services West, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVANNO RUSSELL, AN INDIVIDUAL;<br><br>Plaintiff,<br><br>v.<br><br>SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'22CV1403 RBM WVG**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently herewith Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Kimberly Shackleford; Declaration of Nicole A. Naleway; and Notice of Related Cases*]<br><br>Complaint Filed:  August 1, 2022<br>Trial Date:       None Set<br>District Judge:   Hon. Pending<br>Magistrate Judge:Hon. Pending |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Sodexo, Inc., Sodexo Remote Sites USA, Inc., Sodexo, Inc. and Affiliated Companies, and SDH Services West, LLC (collectively referred to as "Defendants") remove the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.[1]  The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below.

## I.

## THE STATE COURT ACTION

1. On August 1, 2022, Plaintiff Jevanno Russell ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Diego, entitled *Jevanno Russell, an individual, v. Sodexo, Inc., a Delaware corporation; Sodexo Remote Sites USA, Inc., a Delaware Corporation; Sodexo, Inc. and Affiliated Companys, a business of unknown; SDH Services West, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive*, Case No. 30-2022-00030509-CU-WT-CTL (the "Complaint"). A true and correct copy of the Summons and Complaint is attached as **Exhibit "A."**

2. The Complaint asserts the following causes of action: (1) disability discrimination in violation of FEHA; (2) failure to engage in a good faith interactive process in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to take all reasonable steps to prevent

---

[1] Defendants remove this Complaint without prejudice to the proprietary of arbitration as the applicable forum for adjudication.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

discrimination and/or retaliation; (6) violation of the CFRA; (7) retaliation in violation of the CFRA; and (8) wrongful termination in violation of public policy.

3. On August 16, 2022, Plaintiff personally served Defendants' registered agent for service of process. Attached hereto as **Exhibit "B"** is a true and correct copy of all other process, pleadings, and orders served upon Defendants.

4. On September 14, 2022, Defendants timely filed and served their Answer to the Complaint in San Diego County Superior Court. Attached hereto as **Exhibit "C"** is a true and correct copy of the Answer.

## II.

## REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. As explained above, Plaintiff served the Summons and Complaint on Defendants' registered agent on August 16, 2022. Because Defendants filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III.

## DIVERSITY JURISDICTION

## 28 U.S.C. § 1332

7. **Complete Diversity of the Parties Exists.** This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendants pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below:

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

8.  **Plaintiff Is a Citizen of California.** Plaintiff's Complaint alleges that he is, and at all times mentioned in his Complaint was, a resident of the State of California, County of San Diego. (Compl. ¶ 1.)

9.  Plaintiff's allegations constitute prima facie evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

10. Plaintiff's domicile in California is further established by is work for SDH Services West LLC, from August 26, 2011 until July 8, 2021 and his last known residence in the County of San Diego at the time he was terminated. (Declaration of Kimberly Shackleford "Shackleford Decl." at ¶¶ 17-19.)

11. Accordingly, Plaintiff is a citizen of the State of California.

12. **Defendant Sodexo, Inc. Is a Citizen of Delaware and Maryland.** Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

13.     Defendant Sodexo, Inc. was at the time the Complaint was filed, and still is, incorporated in the state of Delaware. (Shackleford Decl. at ¶ 3.)

14.     Defendant Sodexo, Inc.'s principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland. (Shackleford Decl. at ¶¶ 3-6.)

15.     Seven out of ten of Defendant Sodexo, Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at Defendant Sodexo, Inc.'s corporate headquarters in Gaithersburg, Maryland. These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices. (Shackleford Decl. at ¶ 4.)

16.     The predominant number of Defendant Sodexo, Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. These chief executives are responsible for the direction, control and coordination of the activities covered by their respective offices. (Shackleford Decl. at ¶ 5.)

17.     Defendant Sodexo, Inc., by and through the predominant number of its high ranking officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant Sodexo,

Inc.'s operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Defendant Sodexo, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Defendant Sodexo, Inc.'s workforce; (6) bid support and development of processes and solutions for Defendant Sodexo, Inc.'s segment teams; (7) assistance to Defendant Sodexo, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions.  The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. (Shackleford Decl. at ¶ 6.)  Simply put, Defendant Sodexo, Inc.'s center of "direction, control and coordination" is located in the state of Maryland.

18.     Further, Defendant Sodexo, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Shackleford Decl. at ¶ 7.) *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

19.     Thus, for diversity purposes, Defendant Sodexo, Inc. must be considered a citizen of Delaware, its state of incorporation, and Maryland, its principal place of business.

20.  **Defendant SDH Services West, LLC, Is a Citizen of New York and Maryland.** Plaintiff was employed by SDH Services West, LLC. (Shackleford Decl. at ¶ 18.) SDH Services West, LLC, is a Delaware limited liability company. (Shackleford Decl., ¶ 8.) Because SDH Services West, LLC, is a limited liability company, it is treated as a citizen of each state of which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) (holding that, like a partnership, the citizenship of an LLC is the citizenship of all its members, rather than applying the two-part corporate citizenship rule (place of incorporation and principal place of business); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

21.  Sodexo America, LLC, a Delaware limited liability company, is, and was at the time the Complaint was filed, the sole member of SDH Services West, LLC. (Shackleford Decl. at ¶ 8.)

22.  Sodexo Management, Inc. is, and was at the time the Complaint was filed, the sole member of Sodexo America, LLC.  Sodexo Management, Inc. is a New York corporation. (Shackleford Decl. at ¶ 9.) Its principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland. (*Id.*)

23.  Seven out of ten of Sodexo Management, Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at the corporate headquarters in Gaithersburg, Maryland. (Shackleford Decl. at ¶ 10.)  These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices. (*Id.*)

24.  The predominant number of Sodexo Management, Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service

6

Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. (Shackleford Decl. at ¶ 11.) These chief executives are responsible for the direction, control, and coordination of the activities covered by their respective offices. (*Id.*)

25.     Sodexo Management, Inc., by and through the predominant number of its Corporate Officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo Management, Inc.'s operations; (2) a critical role in management of general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo Management, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo Management, Inc.'s workforce; (6) bid support and development of processes and solutions for Sodexo Management, Inc.'s segment teams; (7) assistance to Sodexo Management, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. (Shackleford Decl. at ¶ 12.) The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. (*Id.*) Sodexo Management, Inc. does business in a

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

number of states and does not conduct the substantial predominance of its business in any single state. (*Id.*)

26.     Thus, for diversity purposes, SDH Services West, LLC, must be considered a citizen of New York and Maryland.

27.     **Defendant Sodexo Remote Sites USA, Inc. is a Citizen of Delaware and Maryland.** Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

28.     Defendant Sodexo Remote Sites USA, Inc. was at the time the Complaint was filed, and still is, incorporated in the state of Delaware. (Shackleford Decl. at ¶13.)

29.     Defendant Sodexo Remote Sites USA, Inc.'s principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland. (Shackleford Decl. at ¶¶ 13-15.)

30.     Defendant Sodexo Remote Sites USA, Inc., by and through the predominant number of its high ranking officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of

Defendant Sodexo Remote Sites USA, Inc.'s operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Defendant Sodexo Remote Sites USA, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Defendant Sodexo Remote Sites USA, Inc.'s workforce; (6) bid support and development of processes and solutions for Defendant Sodexo Remote Sites USA, Inc.'s segment teams; (7) assistance to Defendant Sodexo Remote Sites USA, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions.  The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. (Shackleford Decl. at ¶ 14.)  Simply put, Defendant Sodexo Remote Sites USA, Inc.'s center of "direction, control and coordination" is located in the state of Maryland.

31.    Further, Defendant Sodexo Remote Sites USA, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Shackleford Decl. at ¶ 15.) See *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

32.     Thus, for diversity purposes, Defendant Sodexo Remote Sites USA, Inc. must be considered a citizen of Delaware, its state of incorporation, and Maryland, its principal place of business.

33.     **The entity Defendant Sodexo, Inc. and Affiliated Companies does not exist.** (Shackleford Decl. at ¶ 16.) As the named Defendant "Sodexo, Inc. and Affiliated Entities" does not exist, it should be disregarded for the purposes of removal.

34.     **Diversity Among The Parties Exists.**

35.     Further, the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. section 1441(a).

36.     Complete diversity among the parties not only exists now, but did also at the time of the filing of this action on August 1, 2022. This court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. sections 1332 (a) and 1441(a), in that Plaintiff is a citizen of California and none of the Defendants is a citizen of California.   As a result, complete diversity between all defendants and plaintiff exists.

# IV.

# THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

37.     This court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

38.     This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendants discuss

10

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.[2]

39.    In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

40.    The Complaint does not allege a damage amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

**A.    Lost Wages**

41.    Plaintiff's Complaint seeks to recover economic damages for "lost wages and other benefits." (Compl. ¶¶ 31, 40, 49, 56, 64, 74, 83, 90, and Prayer for Relief (c).)

42.    The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

43.    Plaintiff was employed by SDH Services West, LLC from approximately August 26, 2011 until July 8, 2021. (Shackleford Decl. at ¶ 14.) At the time his employment with SDH Services West, LLC ended, Plaintiff earned $19.74 per hour,

---

[2] By estimating the amounts Plaintiff may recover if he prevails, Defendants do not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendants reserve the full right to dispute Plaintiff's claims with respect to both liability and damages.

and on average, Plaintiff worked approximately 40 hours per week. (*Id.*) Thus, Plaintiff earned approximately $789.60 per week.

44.     Based on Plaintiff's weekly earnings of approximately $789.60, Plaintiff's lost earnings since the end of his employment on July 8, 2021 to the August 1, 2022 filing date totals approximately $42,638.40 ($789.60 per week x 54 weeks).

45.     According to the 2022 Judicial Caseload Profile for the Southern District of California, the median time from filing to trial for civil cases is approximately 46.9 months. (Declaration of Nicole A. Naleway "Naleway Decl." at ¶ 4, Ex. B.).[3] 46.9 months from the August 1, 2022 filing in this case is approximately July 1, 2026. Thus, the amount of past lost earnings Plaintiff has put in controversy, *i.e.,* total lost earnings between Plaintiff's separation date of July 8, 2021 and the estimated trial date in this matter based on the median time to trial in this District, July 1, 2026, is **$161,078.40** ($789.60 per week x 204 weeks).

### B.     Emotional Distress Damages.

53.     Plaintiff seeks to recover damages for alleged "emotional distress." (Compl. ¶ 29, 38, 47, 54, 62, 72, 81, 88, and Prayer for Relief (a).).

54.     Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

55.     Emotional distress damages awards in single-plaintiff employment discrimination actions often exceed $75,000. *See, e.g., Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County) (awarding $500,000 for pain and suffering to employee in discrimination action); *Vaughn v. CNA Casualty of Calif.*, 2008 WL 4056256 (C.D. Cal. 2008) (awarding $300,000 in past and future non-economic loss to employee in discrimination case); *Ismen v. Beverly Hospital*, 2008 WL 4056258

---

[3] Pursuant to Federal Rule of Evidence 201, Defendants respectfully request that the Court take judicial notice of the 2022 Judicial Caseload Profile, which is attached as Exhibit B to the Naleway Declaration.

(Super. Ct. L.A. County) (jury awarded $113,000 to employee for emotional stress in discrimination case); *Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803 (1999) (upholding $450,000 emotional distress award in a single-plaintiff employment discrimination case); *Anderson v. American Airlines*, 352 Fed.Appx.182, 183 (9th Cir. 2009) (upholding award of emotional distress damages for $1,000,000 in single-plaintiff employment discrimination case).

56. As these verdicts from comparable cases show, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

## C. Attorneys' Fees

57. Plaintiff also seeks to recover attorneys' fees. (Compl. ¶¶ 32, 41, 50, 57, 65, 75, 84, 91, and Prayer for Relief No. (d). Attorneys' fees may therefore be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

58. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

59. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

60. Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in

the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

61. Even a conservative estimate of attorney's fees, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that exceeds the jurisdictional minimum. *See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles* (BC412351) 10-JV_1877 (2010) (court awards plaintiff's attorney's fees in the amount of $171,917.50); *Martin v. Arrow Electronics, Inc.*, U.S.D.C. Central District of California Case No. 04-1134 ($473,554); *Peacock v. Quest Diagnostics,* U.S.D.C Central Dist. of California No. 09-09206 ($599,000); *Vo v. Valley Dodge Inc.*, L.A. Superior Court No. BC388059 ($402,000); *Macdonald-Pierson v. Raytheon Constructors,* U.S.D.C. Southern District of California, Case No. 97CV1019 ($84,000) Accordingly, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$75,000**.

62. In sum, and as shown in the chart below, the total amount in controversy, *excluding* punitive damages, is at least **$311,078.40**.

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | $161,078.40 |
| Emotional Distress | $75,000.00 + |
| Attorneys' Fees | $75,000.00 + |
| **Total:** | **$311,078.40** |

**D.    Punitive Damages.**

63. Plaintiff has pled for the recovery of punitive and exemplary damages. (*See* Complaint, ¶¶ 33, 42, 51, 58, 66, 75, 92, and Prayer No. (e).)

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

64.     The potential for a punitive damages award alone against Defendant satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

65.     Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive.  Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. *Id*. These included punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857); $121,000,000 (*Carrol v. Interstate Brands Corp.*, *et al.*, Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000)); and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112); $1,500,000 (*Freund v. Nycomed Amersham*, U.S. Southern District Court of California, 2001 WL 36372280) *Id*.  As in *Simmons*, Plaintiff is claiming discrimination and retaliation under the Fair Employment and Housing Act. The same jury verdicts that supported a

finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

66.   Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges discrimination and retaliation based on protected characteristics and/or protected activity, etc.) further support that the amount in controversy exceeds $75,000. In *Romero v. Leon Max, Inc.*, 2009 WL 5258439, a jury awarded the plaintiff $50,000 in punitive damages, where plaintiff, just as in this case, claimed she had been discriminated against because of a protected category. Similarly, in *Amigon vs. Cobe Color Cosmetics,* 2009 WL 7497138, a jury awarded a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged discrimination, retaliation, and wrongful termination. In October 2010, another jury awarded $4,800,000 in punitive damages to a plaintiff whose primary causes of action included discrimination and retaliation. *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV-2044 (October 5, 2010). Other discrimination claims have similarly yielded large punitive damages awards. *Lee v. TRW Inc.,* U.S.D.C. Central Dist. of California Case No. 04-1134 (FEHA age discrimination case resulted in 1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, L.A. Superior Court No. BC366198 (discrimination case resulted in $1,180,164 in punitive damages). Based on these jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

## V.

## VENUE IS PROPER

67.   In accordance with 28 U.S.C. section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of San Diego is located within the Southern District of California. 28 U.S.C. section 84(c)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

# VI.

## THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

68.     In accordance with 28 U.S.C. section 1446(a), this notice of removal is accompanied by **Exhibits A** through **C**, which includes copies of all process, pleadings, and orders served upon Defendants.

69.     As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendants. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

70.     In accordance with 28 U.S.C. section 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, San Diego County.

# VII.

## CONCLUSION

71.     Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendants respectfully requests that this Court exercise its removal jurisdiction over this action.

72.     Accordingly, Defendants remove the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: September 15, 2022          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  */s/Nicole A. Naleway*
          Angela Pak
          Nicole A. Naleway
          Attorneys for Defendants
          Sodexo, Inc.; Sodexo Remote Sites
          USA, Inc.; Sodexo, Inc. and
          Affiliated Companies; and
          SDH Services West, LLC

17

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SODEXO, INC., a Delaware Corporation; (Additional Defendants Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEVANNO RUSSELL, an individual;

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/01/2022** at 05:36:26 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego<br><br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2022-00030509-CU-WT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Seung Yang, MOON & YANG APC, 1055 W. 7th Street, Suite 1880, Los Angeles, CA 90017 (213) 232-3128

| DATE:   08/03/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)*   M. McClure | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  A DELAWARE CORPORATION

   *SODEXO, INC.*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A - PAGE 19**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Russell v. Sodexo, Inc. et al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SODEXO REMOTE SITES USA, INC., a Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

EXHIBIT A - PAGE 20

1 | Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
2 | Christopher L. Russell (SBN 306082)
E-mail: *chris.Russell@moonyanglaw.com*
3 | Jessica M. Abreu (SBN 343366)
E-mail: *jessica.abreu@moonyanglaw.com*
4 | **MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
5 | Los Angeles, California 90017
Telephone: (213) 232-3128
6 |

7 | Attorneys for Plaintiff
JEVANNO RUSSELL
8 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/01/2022** at 05:36:26 PM

Clerk of the Superior Court
By Melinda McClure,Deputy Clerk

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SAN DIEGO**

11 |

JEVANNO RUSSELL, an individual;

Plaintiff,

vs.

SODEXO, INC., a Delaware Corporation;
SODEXO REMOTE SITES USA, INC., a
Delaware Corporation; SODEXO, INC. AND
AFFILIATED COMPANIES, a business of
form unknown; SDH SERVICES WEST,
LLC, a Delaware Limited Liability Company;
and DOES 1 through 25, inclusive,

Defendants.

Case No.: 37-2022-00030509-CU-WT-CTL

**COMPLAINT FOR DAMAGES FOR:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**
2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**
3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
4. **RETALIATION IN VIOLATION OF FEHA;**
5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION, AND/OR RETALIATION;**
6. **VIOLATION OF THE CFRA;**
7. **RETALIATION IN VIOLATION OF THE CRFA;**
8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

[JURY TRIAL DEMANDED]

1
COMPLAINT

EXHIBIT A - PAGE 21

COMES NOW Plaintiff Jevanno Russell for his Complaint against Defendants Sodexo, Inc., Sodexo Remote Sites USA, Inc., Sodexo, Inc. and Affiliated Companies, SDH Services West, LLC, and DOES 1 through 25 (herein collectively referred to as "Defendants"), and each of them, complains and alleges as follows:

## THE PARTIES

1.      Plaintiff Jevanno Russell ("Plaintiff" or "Russell") is, and at all relevant times herein was, an individual residing in the County of San Diego, State of California.

2.      Plaintiff is informed and believes and thereon alleges that Defendant Sodexo, Inc. ("Defendant" or "Sodexo") is, and at all relevant times was, a Delaware Corporation that conducts business in the County of San Diego, State of California.

3.      Plaintiff is informed and believes and thereon alleges that Defendant Sodexo Remote Sites USA, Inc. ("Defendant" or "SRSU") is, and at all relevant times was, a Delaware Corporation that conducts business in the County of San Diego, State of California.

4.      Plaintiff is informed and believes and thereon alleges that Defendant Sodexo, Inc. and Affiliated Companies ("Defendant" or "SIAC") is, and at all relevant times was, a business of form unknown that conducts business in the County of San Diego, State of California.

5.      Plaintiff is informed and believes and thereon alleges that Defendant SDH Services West, LLC. ("Defendant" or "SDH") is, and at all relevant times was, a Delaware Limited Liability Company that conducts business in the County of San Diego, State of California.

6.      Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that the DOES are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages in the Plaintiff's complaint. When the true names and capacities of DOES 1 through 25 are determined, Plaintiff will amend this complaint to allege the true names and capacities of such DOE defendants.

EXHIBIT A - PAGE 22

7.      Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants, whether said authority was actual or apparent. "Defendants", as used herein, means each and all of the Defendants, unless the context requires otherwise.

8.      Plaintiff is informed and believes and thereon alleges that Defendants' improper conduct alleged herein occurred in the County of San Diego in the State of California.

## **GENERAL ALLEGATIONS**

9.      In or around August 2011, Russell was hired by Defendant as a Chief cook until on or about July 11, 2021 when he was wrongfully terminated.

10.     In or around June 2020, Russell was diagnosed with anxiety and depression. Russell informed Defendants.

11.     In or around June 2021, Russell verbally complained several times to Defendants about pain in his elbow. Russell began wearing an elbow wrap.

12.     On or about June 24, 2021, Russell took three days off work because of the pain in his elbow.

13.     On or about June 27, 2021, Russell went to an emergency room because of the pain in his elbow. Russell was placed on medical leave. Russell immediately notified Defendants. Russell's medical leave was thereafter extended.

14.     On or about June 28, 2021, Defendants told Russell to return to work on July 11, 2021 for a meeting.

15.     On or about July 11, 2021, Russell returned to work and was immediately terminated by Defendants.

16.     Russell is informed and believes and thereon alleges that the Defendants terminated Russell's employment in retaliation for being disabled, for taking time off of work

EXHIBIT A - PAGE 23

1  because of Russell's injuries/disability/medical condition, and/or for other discriminatory

2  reasons.

3      17.    Defendants failed to go through a good faith interactive process with Russell to

4  determine effective reasonable accommodations before terminating Russell.

5      18.    Defendants also failed to accommodate Russell's disability or perceived

6  disability, and instead terminated Russell.

7      19.    Russell suffered from a physical disability as defined by the Fair Employment and

8  Housing Act ("FEHA"). More specifically, Russell suffered from, amongst other things, anxiety,

9  depression, an elbow injury, and related conditions which interfered with Russell's major life

10  activities, including but not limited to working. Russell was a qualified individual with a

11  disability because he was a disabled individual who could either with or without reasonable

12  accommodations perform the essential functions of his job, or alternatively another job he was

13  qualified for and desired. Russell is accordingly entitled to the protections of FEHA.

14      20.    Alternatively, Russell was perceived by Defendants as being disabled within the

15  meaning of FEHA.

16      21.    Russell is informed and believes and thereon alleges that at all times mentioned in

17  this complaint, Defendants regularly employed 5 or more persons in the state of California, and

18  therefore are accordingly subject to the provisions of FEHA.

19      22.    Russell has duly complied with the requirements of the Fair Employment and

20  Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite

21  "Right to Sue" notice.

22      23.    On information and belief, Defendants, and each of them were on actual and

23  constructive notice of the improprieties alleged herein and intentionally refused to rectify their

24  unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were

25  willful and deliberate.

26      24.    At all relevant times, Defendants were and are legally responsible for all of the

27  unlawful conduct, policies, practices, acts and omissions as described in each and all of the

28

EXHIBIT A - PAGE 24

foregoing paragraphs as the employer of Russell. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA – Against All Defendants)

25.   Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

26.   FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

27.   Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff from Plaintiff's position on the basis of Plaintiff's disability, failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation, failing to provide Plaintiff with a reasonable accommodation, and failing to enter into the interactive process with Plaintiff in a meaningful way, Defendants violated FEHA.

28.   Plaintiff is informed and believes and thereon alleges, that Plaintiff's disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of Government Code §12940(a)(m) and (n).

29.   As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

30.   As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

31.   As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

EXHIBIT A - PAGE 25

32.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

33.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA – Against All Defendants)

34.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

35.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled.  Alternatively, Defendants perceived Plaintiff as being physically and/or mentally disabled.

36.     Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

37.     Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, and by instead terminating Plaintiff.

38.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

EXHIBIT A - PAGE 26

39.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

40.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

41.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

42.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate in Violation of FEHA – Against All Defendants)

43.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

44.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled.  Alternatively, Defendants perceived Plaintiff as being physically and/or mentally disabled.

45.     Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

EXHIBIT A - PAGE 27

46.     Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, by refusing to allow Plaintiff to return to work with work restrictions, by not advising Plaintiff of other open job opportunities that Plaintiff was qualified to perform, and by instead terminating Plaintiff.

47.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

48.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

49.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

50.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

51.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA – Against All Defendants)

52.     Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

EXHIBIT A - PAGE 28

53.     Plaintiff was subjected to adverse employment actions including, but not limited to, termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising Plaintiff's rights, and/or Plaintiff's disabilities. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

54.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

55.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

56.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

57.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

58.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

//
//
//
//
//

EXHIBIT A - PAGE 29

**FIFTH CAUSE OF ACTION**

**(Failure to Take All Reasonable Steps to Prevent Discrimination, and/or Retaliation In**

**Violation of FEHA – Against All Defendants)**

59.     Plaintiffs hereby incorporate by reference all foregoing paragraphs of this complaint as though fully set forth herein.

60.     Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination, and retaliation to which Plaintiff was subjected in violation of California Government Code § 12940(k).

61.     The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

62.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

63.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

64.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

65.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

EXHIBIT A - PAGE 30

66.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiffs' rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against, and/or retaliated against Plaintiff because of Plaintiff's disabilities, thereby entitling Plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

### (Violation of the California Family Rights Act – Against All Defendants)

67.     Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

68.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves.  Further, at all times relevant herein, Plaintiff had a qualifying serious health condition that involved inpatient care in a hospital, hospice; or residential health care facility and/or continuing treatment or continuing supervision by a health care provider.

69.     Defendants are employers covered by and subject to the California Family Rights Act because they employed fifty (50) or more persons, within a 75 mile radius of Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

70.     Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act.  This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take leave to care for their own serious medical condition or having taken such leave, as well as failing to reinstate Plaintiff to his former (or comparable) position upon return from his leave. (Government Code §§12945.2 (a) and (1).

EXHIBIT A - PAGE 31

71.     Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

72.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

73.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

74.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

75.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the California Family Rights Act – Against All Defendants)

76.     Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

77.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff had a qualifying

serious health condition that involved inpatient care in a hospital, hospice, or residential health care facility and/or continuing treatment or continuing supervision by a health care provider.

78.     Defendants are employers covered by and subject to the California Family Rights Act because it employed fifty (50) or more persons, within a 75 mile radius of Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

79.     Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act. This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take leave to tend to their own serious medical condition or having taken such leave, as well as failing to reinstate Plaintiff to his former (or comparable) position upon return from his leave. (Government Code §§12945.2 (a) and (1). Plaintiff exercised his right to California Family Rights Act leave and was retaliated against and terminated by Defendants on account of Plaintiff's exercise of Plaintiff's right to take such leave. Plaintiff believes that exercise of such leave was a motivating and substantial factor in Defendants' termination of Plaintiff's employment.

80.     Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

81.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

82.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

EXHIBIT A - PAGE 33

83.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

84.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy – Against All Defendants)

85.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

86.     Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, terminated Plaintiff in retaliation for being disabled, taking time off/medical leave because of Plaintiff's injuries/disabilities Plaintiff's requests for accommodations, for Plaintiff's complaints, and/or for other discriminatory reasons.

87.     Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of the California Constitution, both of which prohibit discrimination based upon physical injury and/or medical treatment, and which consider physical injury discrimination to be a form of disability discrimination.

88.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

89.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

90. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

91. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

92. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated Plaintiff because of his disability, leave, Plaintiff's complaints, and/or other protected categories, thereby entitling Plaintiff to punitive damages.

EXHIBIT A - PAGE 35

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

**AS TO ALL CAUSES OF ACTION**

a)   For general damages for pain and suffering according to proof;

b)   For damages for past and future medical expenses according to proof;

c)   For lost wages and other benefits according to proof;

d)   For reasonable attorneys' fees in an amount according to proof;

e)   For punitive damages in an amount according to proof;

f)   For prejudgment interest as provided by law;

g)   For costs of suit;

h)   For civil penalties, where appropriate; and

i)   For such other and further relief as the Court may deem proper.

j)   An award of liquidated damages pursuant to Section 1194.2 of the California Labor Code, including interest thereon;

p)   For other such relief as the Court deems appropriate.

Dated: July 20, 2022

MOON & YANG, APC

By: _____

Seung Yang
Christopher Russell
Jessica Abreu
Attorneys for Plaintiff

EXHIBIT A - PAGE 36

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3   Dated: July 20, 2022                    **MOON & YANG, APC**

4

5                                           By: _____

6                                                Seung Yang
                                                 Christopher Russell
7                                                Jessica Abreu
                                                 Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17
COMPLAINT

EXHIBIT A - PAGE 37

# EXHIBIT "B"

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Seung Yang (SBN 249857) Christopher L. Garcia (SBN 306082<br>MOON & YANG APC<br>1055 W. 7th Street, Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-232-3128    FAX NO. *(Optional):* 213-232-3125<br>E-MAIL ADDRESS: seung.yang@moonyanglaw.com chris.garcia@moony<br>ATTORNEY FOR *(Name):* Plaintiff: Jevanno Russell | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/01/2022** at 05:36:28 PM<br>Clerk of the Superior Court<br>By Melinda McClure,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego Superior Court

CASE NAME:  Russell v. Sodexo, Inc. et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2022-00030509-CU-WT-CTL |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Timothy Taylor |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
**4.** Number of causes of action *(specify):*  8
**5.** This case [ ] is  [X] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 7/26/2022
Seung Yang

_____
(TYPE OR PRINT NAME)      ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

[CEB] Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**EXHIBIT B - PAGE 39**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

EXHIBIT B - PAGE 40



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00030509-CU-WT-CTL      CASE TITLE: RUSSELL vs SODEXO INC [IMAGED]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _and_
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT B - PAGE 41

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

EXHIBIT B - PAGE 42

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |

PLAINTIFF(S):   JEVANNO RUSSELL

DEFENDANT(S): SODEXO INC et.al.

SHORT TITLE:   RUSSELL VS SODEXO INC [IMAGED]

| **STIPULATION TO USE ALTERNATIVE <br> DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 37-2022-00030509-CU-WT-CTL |
|---|---|

Judge: Timothy Taylor                                       Department: C-72

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                   ☐ Non-binding private arbitration

☐ Mediation (private)                           ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                  ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                           Name of Defendant

_____          _____
Signature                                   Signature

_____          _____
Name of Plaintiff's Attorney                Name of Defendant's Attorney

_____          _____
Signature                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  08/03/2022                                      _____
                                                        JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

**EXHIBIT B - PAGE 43**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
DIVISION:          Central
TELEPHONE NUMBER:  (619) 450-7072

PLAINTIFF(S) / PETITIONER(S):    JEVANNO RUSSELL

DEFENDANT(S) / RESPONDENT(S):  SODEXO INC et.al.

RUSSELL VS SODEXO INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00030509-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Timothy Taylor                                    Department: C-72

## COMPLAINT/PETITION FILED: 08/01/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/06/2023 | 09:45 am | C-72 | Timothy Taylor |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.**  Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>**TIME FOR SERVICE AND RESPONSE:**</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>**JURY FEES:**</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>**COURT REPORTERS:**</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>**ALTERNATIVE DISPUTE RESOLUTION (ADR):**</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)   **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**                                 Page: 1

EXHIBIT B - PAGE 44

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**Page: 2**

EXHIBIT B - PAGE 45

AUG 1 6 2022

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seung Yang (SBN 249857);Christopher L. Garcia (SBN 306082);
Jessica M. Abreu (SBN 343366);
MOON & YANG, APC
1055 West Seventh Street  Suite 1880
Los Angeles, CA 90017
TELEPHONE NO.: (213) 232-3128 | FAX NO. (213) 232-3125 | E-MAIL ADDRESS kane.moon@moonyanglaw.com;
allen.feghali@moonyanglaw.com; enzo.nabiev@moonyanglaw.com
ATTORNEY FOR: Plaintiff: JEVANNO RUSSELL

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/23/2022** at 12:00:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL

Plaintiff:    JEVANNO RUSSELL, an individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 2094621R |

CASE NUMBER:
37-2022-00030509-CU-WT-CTL

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **Notice of Case Assignment and Case Management Conference (Civil)**
3. a.  Party served *(specify name of party as shown on documents served):*
   **SDH SERVICES WEST, LLC, a Delaware Limited Liability Company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Corporate Creations Network, Inc., Agent for Service of Process - by serving Lora Baker, Certified Coding Specialist**

4. Address where the party was served:  **4640 Admiralty Way, 5th Floor**
   **Marina Del Rey, CA 90292**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **8/16/2022**    (2) at *(time):* **1:10 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*    from *(city):*                                        **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**EXHIBIT B - PAGE 47**

Plaintiff: JEVANNO RUSSELL, an Individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

CASE NUMBER:
37-2022-00030509-CU-WT-CTL

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                     (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **SDH SERVICES WEST, LLC, a Delaware Limited Liability Company**
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☑ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**
a. Name: **Erika Garcia - Ace Attorney Service, Inc.**
b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**
c. Telephone number: **(213) 623-3979**
d. **The fee** for service was: **$ 44.50**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
   (i) ☐ owner  ☐ employee  ☐ independent contractor.
   (ii) Registration No.: **2019206319**
   (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/22/2022**

_____
**Erika Garcia**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(Signature - Per CC §1633.7)

EXHIBIT B - PAGE 48

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seung Yang (SBN 249857);Christopher L. Garcia (SBN 306082);
Jessica M. Abreu (SBN 343366);
MOON & YANG, APC
1055 West Seventh Street  Suite 1880
Los Angeles, CA 90017
TELEPHONE NO.: (213) 232-3128 | FAX NO. (213) 232-3125 | E-MAIL ADDRESS kane.moon@moonyanglaw.com;
allen.feghali@moonyanglaw.com; enzo.nabiev@moonyanglaw.com
ATTORNEY FOR: Plaintiff: JEVANNO RUSSELL

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL

Plaintiff:    JEVANNO RUSSELL, an individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2094618R |
|---|---|

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/23/2022** at 12:00:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

CASE NUMBER:
37-2022-00030509-CU-WT-CTL

---

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **Notice of Case Assignment and Case Management Conference (Civil)**

3. a.  Party served *(specify name of party as shown on documents served):*
   **SODEXO REMOTE SITES USA, INC., a Delaware Corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Corporate Creations Network, Inc., Agent for Service of Process - by serving Lora Baker, Certified Coding Specialist**

4. Address where the party was served:  **4640 Admiralty Way, 5th Floor**
   **Marina Del Rey, CA 90292**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **8/16/2022**   (2) at *(time):* **1:10 PM**

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                     **or** ☐  a declaration of mailing is attached.

   (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

EXHIBIT B - PAGE 49

Plaintiff: JEVANNO RUSSELL, an individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

37-2022-00030509-CU-WT-CTL

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **SODEXO REMOTE SITES USA, INC., a Delaware Corporation**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Erika Garcia - Ace Attorney Service, Inc.**

  b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

  c. Telephone number: **(213) 623-3979**

  d. **The fee** for service was: **$ 44.50**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner   ☑ employee     ☐ independent contractor.

      (ii) Registration No.: **2019206319**

      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/22/2022**

**Erika Garcia**
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(Signature - Per CC §1633.7)

POS-010 [Rev January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

POS-010/2094618

EXHIBIT B - PAGE 50

Case 3:22-cv-01403-RBM-WVG Document 1 Filed 09/15/22 PageID.52 Page 52 of 72

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Seung Yang (SBN 249857);Christopher L. Garcia (SBN 306082);<br>Jessica M. Abreu (SBN 343366);<br>MOON & YANG, APC<br>1055 West Seventh Street  Suite 1880<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 232-3128 \| FAX NO. (213) 232-3125 \| E-MAIL ADDRESS kane.moon@moonyanglaw.com;<br>allen.feghali@moonyanglaw.com; enzo.nabiev@moonyanglaw.com<br>ATTORNEY FOR: Plaintiff: JEVANNO RUSSELL | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/23/2022** at 12:00:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:  330 West Broadway | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: CENTRAL | |

| Plaintiff:    JEVANNO RUSSELL, an individual<br><br>Defendant: SODEXO, INC., a Delaware Corporation; et al. | CASE NUMBER:<br>37-2022-00030509-CU-WT-CTL |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>2094619R |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):*  **Notice of Case Assignment and Case Management Conference (Civil)**

3. a.  Party served *(specify name of party as shown on documents served):*
   **SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Corporate Creations Network, Inc., Agent for Service of Process - by serving Lora Baker, Certified Coding Specialist**

4. Address where the party was served:  **4640 Admiralty Way, 5th Floor**
   **Marina Del Rey, CA 90292**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **8/16/2022**    (2) at *(time):* **1:10 PM**

   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*    from *(city):*                          **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/2094619 |
|---|---|---|

EXHIBIT B - PAGE 51

Plaintiff: JEVANNO RUSSELL, an individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

CASE NUMBER: 37-2022-00030509-CU-WT-CTL

---

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from  *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown**

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                    ☐ other:

7. **Person who served papers**

    a. Name:  **Erika Garcia - Ace Attorney Service, Inc.**

    b. Address:  **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

    c. Telephone number:  **(213) 623-3979**

    d. **The fee** for service was: **$ 44.50**

    e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ registered California process server:

        (i) ☐ owner     ☑ employee     ☐ independent contractor.

        (ii) Registration No.: **2019206319**

        (iii) County:  **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date:  **8/22/2022**

| | |
|---|---|
| **Erika Garcia** | ▶ *(Signature)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (Signature - Per CC §1633.7) |

**EXHIBIT B - PAGE 52**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seung Yang (SBN 249857);Christopher L. Garcia (SBN 306082);
Jessica M. Abreu (SBN 343366);
MOON & YANG, APC
1055 West Seventh Street  Suite 1880
Los Angeles, CA 90017
TELEPHONE NO.: (213) 232-3128 | FAX NO. (213) 232-3125 | E-MAIL ADDRESS kane.moon@moonyanglaw.com;
allen.feghali@moonyanglaw.com; enzo.nabiev@moonyanglaw.com
ATTORNEY FOR: Plaintiff: JEVANNO RUSSELL

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

08/23/2022 at 12:00:00 PM

Clerk of the Superior Court
By E- Filing,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL

Plaintiff:    JEVANNO RUSSELL, an individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 2094616R |
|---|---|

CASE NUMBER:
37-2022-00030509-CU-WT-CTL

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Notice of Case Assignment and Case Management Conference (Civil)**

3. a. Party served *(specify name of party as shown on documents served):*
   **SODEXO INC., a Delaware Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Corporate Creations Network, Inc., Agent for Service of Process - by serving Lora Baker, Certified Coding
      Specialist**

4. Address where the party was served:  **4640 Admiralty Way, 5th Floor
   Marina Del Rey, CA 90292**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):* **8/16/2022**    (2) at *(time):* **1:10 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
          person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
          abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
          address of the person to be served, other than a United States Postal Service post office box.  I informed him of
          her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
          place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
          *(date):*    from *(city):*                                        **or** ☐  a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/2094616

EXHIBIT B - PAGE 53

Plaintiff: JEVANNO RUSSELL, an Individual

Defendant: SODEXO, INC., a Delaware Corporation; et al.

CASE NUMBER:
37-2022-00030509-CU-WT-CTL

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:          (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **SODEXO INC., a Delaware Corporation**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                        ☐ other:

7. **Person who served papers**

a. Name: **Erika Garcia - Ace Attorney Service, Inc.**

b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

c. Telephone number: **(213) 623-3979**

d. **The fee** for service was: **$ 102.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:
(i) ☐ owner   ☑ employee   ☐ independent contractor.
(ii) Registration No.: **2019206319**
(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/22/2022**

---

**Erika Garcia**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶     (Signature - Per CC §1633.7)

EXHIBIT B - PAGE 54

# EXHIBIT "C"

EXHIBIT C - PAGE 55

1  Angela Pak, CA Bar No. 240177
   angela.pak@ogletree.com
2  Nicole A. Naleway, CA Bar No. 300701
   nicole.naleway@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:      714-754-1298

7  Attorneys for Defendants
   Sodexo, Inc.; Sodexo Remote Sites USA, Inc.;
8  Sodexo, Inc. and Affiliated Companies; and
   SDH Services West, LLC
9

10               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                  **FOR THE COUNTY OF SAN DIEGO**

12                         **HALL OF JUSTICE**

| | |
|---|---|
| 13   JEVANNO RUSSELL, an individual; | Case No. 37-2022-00030509-CU-WT-CTL |
| 14              Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES** |
| 15       vs. | |
| 16   SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a | [Assigned for all purposes to The Honorable Timothy Taylor, Dept. C-72] |
| 17   Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of | |
| 18   form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and | Action Filed:     August 1, 2022 Trial Date:       None Set |
| 19   DOES 1 through 25, inclusive, | |
| 20              Defendants. | |

21

22

23  **TO PLAINTIFF JEVANNO RUSSELL AND HIS ATTORNEYS OF RECORD:**

24         Defendants SODEXO, INC.; SODEXO REMOTE SITES USA, INC.; SODEXO, INC. AND

25  AFFILIATED  COMPANIES;  and  SDH  SERVICES  WEST,  LLC  (collectively  referred  to  as

26  "Defendants") hereby respond to the unverified Complaint for Damages ("Complaint") filed by

27  Plaintiff JEVANNO RUSSELL ("Plaintiff") as follows:

28  / / /

                                      1

EXHIBIT C - PAGE 56

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff.  Defendants deny, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants.  Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendants assert the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendants assert the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendants also hereby give notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.     The causes of action stated in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Government Code sections 12960(d) and 12965(b); California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(a), and 343.

/ / /

/ / /

2

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT C - PAGE 57

**THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

3.     The Complaint and each cause of action alleged therein are barred by the after-acquired evidence doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.     Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but Plaintiff has failed, neglected and refused, and continues to fail, neglect and refuse to exercise a reasonable effort to mitigate any and all damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.     Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of Defendants' anti-discrimination, anti-harassment, and anti-retaliation procedures by failing to timely and properly report any alleged discrimination or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction / Failure to Exhaust Administrative Remedies)**

6.     This court lacks subject matter jurisdiction in that Plaintiff failed to timely and properly exhaust his administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7.     Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Defendants through discovery.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of consent insofar as the conduct of which Plaintiff complains was incident to the parties' relationship.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.      Plaintiff has waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.      Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Facts Alleged Insufficient to Support Claim for Punitive Damages)**

11.      Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages to show that Defendants engaged in oppressive, fraudulent or malicious conduct; or to support allegations of gross or reckless disregard for the rights of Plaintiff or that Defendants were motivated by evil motive or intent.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

12.      Plaintiff is not entitled to recover punitive or exemplary damages from Defendants for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Defendants and that none of officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendants, or their officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendants employ said employee with a conscious disregard of the rights or safety of others. (California Civil Code section 3294.)

4

EXHIBIT C - PAGE 59

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

**(Punitive Damages Violate Procedural and Substantive Due Process)**

3       13.     Plaintiff is not entitled to recover any punitive damages, and any allegations in

4   support of a claim for punitive damages should be stricken, because California's laws regarding the

5   acts and omissions alleged are too vague to permit the imposition of punitive damages, and because

6   any award of punitive damages in this action would violate Defendants' constitutional rights under

7   the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution,

8   and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the

9   United States Constitution, as well as other provisions of the United States Constitution and the

10   California Constitution.

11

### FOURTEENTH AFFIRMATIVE DEFENSE

12

**(Workers' Compensation Exclusivity)**

13       14.     Any and all claims by Plaintiff for damages for emotional, mental and/or physical

14   distress or injury, are preempted by the Workers' Compensation Act, California Labor Code section

15   3200 *et seq.*, as the alleged injuries arose as a result of and in the course and scope of his employment.

16   This Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant

17   certain remedies which are within the exclusive province of the Workers' Compensation Appeals

18   Board.

19

### FIFTEENTH AFFIRMATIVE DEFENSE

20

**(Third Party Liability)**

21       15.     Any alleged emotional, mental and/or physical injury suffered by Plaintiff was

22   proximately caused in whole or in part by the acts and/or omissions of persons and entities other than

23   Defendants, including the acts and omissions of Plaintiff himself.

24

### SIXTEENTH AFFIRMATIVE DEFENSE

25

**(Civil Code Section 1431.2)**

26       16.     Any alleged emotional, mental and/or physical injury suffered by Plaintiff was

27   proximately caused by the acts and/or omissions of persons and entities other than Defendants.

28

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT 1 - PAGE 60

52929269.v1-OGLETREE

1   Accordingly, Defendants are entitled to an allocation of any and all non-economic damages pursuant
2   to California Civil Code section 1431.2.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Mixed Motive as to All Causes of Action)

17.     Assuming, arguendo, that there was a violation of the Fair Employment and Housing Act and/or other violation of law, the Complaint is barred because even without any said impermissible factor, all actions taken herein still would have been taken due to legitimate, non-prohibited, and/or independent reason(s). Defendants raise the "mixed-motive" defense.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Business Judgment)

18.     The Complaint and each cause of action alleged therein are barred because Defendants' decisions were, and are, based on its good-faith business judgment.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Outside Scope of Employment)

19.     The Complaint and each cause of action alleged therein are barred because, if the alleged conduct occurred, it occurred outside the normal course and scope of employment of the agents or employees of Defendants, if any, and was not authorized or ratified by Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Laches)

20.     Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Appropriate Remedial Action)

21.     Each of Plaintiff's purported causes of action are barred as Defendants took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once it was made aware of Plaintiff's complaint, if he in fact complained. (*Wellpoint Health Networks v. Superior Court* (1997) 59 Cal.App.4th 110.)

/ / /

EXHIBIT C - PAGE 61

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Offset)

3      22.     To the extent Plaintiff sustained any damage as a result of the conduct alleged in the

4  Complaint, which Defendants deny, then Defendants are entitled to an offset to the extent that

5  Plaintiff received income from other sources, including Workers' Compensation, or alternative

6  and/or subsequent employment.

7

## TWENTY-THIRD AFFIRMATIVE DEFENSE

8

### (At-Will Employment)

9      23.     The causes of action stated in the Complaint are barred, in whole or in part, because

10  Plaintiff's employment status was for no specific term and therefore terminable at-will pursuant to

11  California Labor Code section 2922.

12

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

### (Failure to Cooperate in the Interactive Process)

14      24.     Defendants allege that Plaintiff failed to cooperate in the interactive process of

15  reasonable accommodation.

16

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17

### (Pre-existing Condition)

18      25.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or

19  injury, they were the result of a pre-existing disorder or alternative concurrent cause, and not the

20  result of any act of omission of Defendants.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Plaintiff Not Qualified Individual With Disability)

23      *26.*     Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

24  Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

25  Plaintiff is not and was not a qualified individual with a disability within the meaning of the

26  California Fair Employment and Housing Act, California Government Code section 12940 *et seq.*

27  / / /

28  / / /

7

EXHIBIT C - PAGE 62

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Request Accommodation)

3    27.    Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

4  Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

5  Plaintiff failed to request reasonable accommodation of his alleged disability.

6

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (Defendants Provided Reasonable Accommodation)

8    28.    Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

9  Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

10  Defendants reasonably accommodated his alleged disability.

11

## TWENTY-NINTH AFFIRMATIVE DEFENSE

12

### (Plaintiff Unable to Perform Duties)

13    29.    Defendants allege that Plaintiff's Complaint and each cause of action therein is barred

14  because Plaintiff, as a result of his disability or medical condition, is unable to perform the essential

15  duties of the position from which he was discharged, even with reasonable accommodation.

16

## THIRTIETH AFFIRMATIVE DEFENSE

17

### (Unjust Enrichment)

18    30.    The Complaint, and each of its causes or action, is barred because any recovery from

19  Defendants would result in Plaintiff's unjust enrichment.

20

## THIRTY-FIRST AFFIRMATIVE DEFENSE

21

### (Failure to Exhaust Remedies under Workers' Compensation Act)

22    31.    Plaintiff is barred from, and has waived, any recovery for any alleged physical or

23  emotional injury or distress, to the extent that Plaintiff has failed to pursue and exhaust his remedies,

24  if any, under the Workers' Compensation Act, California Labor Code section 3200 *et seq.*

25

## THIRTY-SECOND AFFIRMATIVE DEFENSE

26

### (Matters Not Within Scope of DFEH/EEOC Charge)

27    32.    To the extent that the causes of action brought under the FEHA contain allegations

28  regarding matters that were not reasonably within the scope of any complaint or charge Plaintiff

allegedly filed with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, they are barred.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Not Recoverable)

33.     Plaintiff is barred from recovering punitive or exemplary damages because Defendants had in place a policy to prevent discrimination, harassment, and/or retaliation in its workplace and made good faith efforts to implement and enforce that policy.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Employer)

34.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff cannot establish that Plaintiff was engaged in an employment relationship with Defendant Sodexo, Inc.; and Sodexo Remote Sites USA, Inc.; and Defendant Sodexo, Inc. and Affiliated Companies. These entities are therefore improper defendants as Plaintiff cannot state claims against entities that did not employ Plaintiff.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

35.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff agreed to arbitrate his claims.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

36.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendants with respect to Plaintiff's employment were reasonably based on the facts as Defendants understood them.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Federal Enclave)

37.     Plaintiff's claims are barred in whole or in part by the federal enclave doctrine wherein exclusive federal jurisdiction applied to the locations where Plaintiff worked for Defendants and his alleged state law claims arose.

EXHIBIT C - PAGE 64

1

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2

### (Legitimate, Non-Discriminatory Reasons)

3

38.     As a separate and affirmative defense to the Complaint and to each purported claim

4 for relief alleged therein, any recovery on Plaintiff's Complaint, or any purported claim for relief

5 alleged therein, is barred because Defendants had legitimate, non-discriminatory and non-retaliatory

6 reasons for all of its conduct toward Plaintiff.

7

## THIRTY-NINTH AFFIRMATIVE DEFENSE

8

### (Additional Affirmative Defenses)

9

39.     As a separate and affirmative defense to Plaintiff's Complaint and each purported

10 cause of action therein, Defendants allege that they currently have insufficient information upon

11 which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendants

12 reserve the right to assert additional defenses in the event discovery indicates additional defenses are

13 appropriate.

14

WHEREFORE, Defendants pray as follows:

15

1.     That Plaintiff take nothing by this action;

16

2.     That judgment be entered in favor of Defendants;

17

3.     For costs of suit and for attorneys' fees incurred; and

18

4.     For such other and further relief as the Court deems just and proper.

19

20

DATED:  September 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

21

22

23

By: _____

24

Angela Pak
Nicole A. Naleway

25

Attorneys for Defendants

26 Sodexo, Inc.; Sodexo Remote Sites USA, Inc.; Sodexo, Inc. and Affiliated Companies; and SDH Services West, LLC

27

28

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT C - PAGE 65

**PROOF OF SERVICE**
*Jevanno Russell v. Sodexo, Inc., et al.*
Case No. 37-2022-00030509-CU-WT-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On September 14, 2022, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

       ☐   the written confirmation of counsel in this action:
       ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message

11
DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

1    or other indication that the transmission was unsuccessful.

2    ☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

3

4    Executed on September 14, 2022, at Costa Mesa, California.

5    _Dianna Kinnamon_

6    Dianna Kinnamon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT C - PAGE 67

1

**SERVICE LIST**

2

3   Seung Yang, Esq.                    Attorneys for Plaintiff
    Christopher L. Russell, Esq.        Jevanno Russell
4   Jessica M. Abreu, Esq.
    MOON & YANG, APC
5   1055 W. Seventh St., Suite 1880
    Los Angeles, CA  90017
6   Telephone:     213-232-3128
    seung.yang@moonyanglaw.com
7   chris.russell@moonyanglaw.com
    jessica.abreu@moonyanglaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT C - PAGE 68

# PROOF OF SERVICE
*Jevanno Russell v. Sodexo, Inc., et al.*
Case No. **'22 CV 1403 RBM WVG**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On September 15, 2022, I served the following document(s):

## DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

18
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1  ☐  **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

4  ☒  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

6  ☐  **(Federal)**  I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 15, 2022, at Costa Mesa, California.

_Dianna Kinnamon_
Dianna Kinnamon

19
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

1

**SERVICE LIST**

2

3     Seung Yang, Esq.                       Attorneys for Plaintiff
    Christopher L. Russell, Esq.           Jevanno Russell

4     Jessica M. Abreu, Esq.
    MOON & YANG, APC

5     1055 W. Seventh St., Suite 1880
    Los Angeles, CA  90017

6     Telephone:  213-232-3128
    seung.yang@moonyanglaw.com

7     chris.russell@moonyanglaw.com
    jessica.abreu@moonyanglaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446