Angela Pak CA Bar No. 240177
angela.pak@ogletree.com
Nicole A. Naleway CA Bar No. 300701
nicole.naleway@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendants
Sodexo, Inc.; Sodexo Remote Sites
USA, Inc.; Sodexo, Inc. and
Affiliated Companies; and
SDH Services West, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVANNO RUSSELL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'22 CV 1403 RBM WVG**<br><br>**DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>[*Filed concurrently herewith Notice of Removal; Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Kimberly Shackleford; and Notice of Related Cases*]<br><br>Complaint Filed:  August 1, 2022<br>Trial Date:        None Set<br>District Judge:    Hon. Pending<br>Magistrate Judge: Hon. Pending |

## DECLARATION OF NICOLE A. NALEWAY

I, Nicole A. Naleway, declare as follows:

1.      I am an attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel of record for Defendants Sodexo, Inc., Sodexo Remote Sites USA, Inc., Sodexo, Inc. and Affiliated Companies, and SDH Services West, LLC (collectively referred to as "Defendants"), in this action. I am licensed to practice law in this Court and the State of California.

2.      I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could and would testify truthfully to such matters.

3.      Attached as **Exhibit "A"** is a true and correct copy of Defendants' Answer which was filed in the San Diego Superior Court and served on Plaintiff Jevanno Russell's counsel's office on September 14, 2022.

4.      Attached as "**Exhibit B**" is a true and correct copy of a relevant excerpt from the 2022 Judicial Caseload Profile form the Southern District of California, which is available on the website, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/03/31-1.

5.      I have practiced employment law since 2014. In my experience, even relatively straightforward employment actions generally involve costs of suit (*e.g.*, appearance and filing fees, court reporter costs, service costs, etc.) of over $15,000. Additionally, in my experience, an attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity for a case that is litigated through trial. Based on my experience, attorneys' fees in California Fair Employment and Housing Act cases often exceed $75,000.

/ / /

DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1        I declare under the penalty of perjury under the laws of California and the United

2   States of America that the foregoing is true and correct.

3        Executed on this 15th day of September 2022 at Costa Mesa, California.

4

5

6                                                  

7                            Nicole A. Naleway

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL

# EXHIBIT "A"

1    Angela Pak, CA Bar No. 240177
     angela.pak@ogletree.com
2    Nicole A. Naleway, CA Bar No. 300701
     nicole.naleway@ogletree.com
3    OGLETREE, DEAKINS, NASH, SMOAK &
     STEWART, P.C.
4    Park Tower, Fifteenth Floor
     695 Town Center Drive
5    Costa Mesa, CA  92626
     Telephone:      714-800-7900
6    Facsimile:      714-754-1298

7    Attorneys for Defendants
     Sodexo, Inc.; Sodexo Remote Sites USA, Inc.;
8    Sodexo, Inc. and Affiliated Companies; and
     SDH Services West, LLC
9

10                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                       **FOR THE COUNTY OF SAN DIEGO**

12                                **HALL OF JUSTICE**

| | |
|---|---|
| 13   JEVANNO RUSSELL, an individual; | Case No. 37-2022-00030509-CU-WT-CTL |
| 14              Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES** |
| 15        vs. | |
| 16   SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a | [Assigned for all purposes to The Honorable Timothy Taylor, Dept. C-72] |
| 17   Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of | |
| 18   form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and | Action Filed:      August 1, 2022 Trial Date:       None Set |
| 19   DOES 1 through 25, inclusive, | |
| 20              Defendants. | |

21

22

23   **TO PLAINTIFF JEVANNO RUSSELL AND HIS ATTORNEYS OF RECORD:**

24          Defendants SODEXO, INC.; SODEXO REMOTE SITES USA, INC.; SODEXO, INC. AND

25   AFFILIATED COMPANIES; and SDH SERVICES WEST, LLC (collectively referred to as

26   "Defendants") hereby respond to the unverified Complaint for Damages ("Complaint") filed by

27   Plaintiff JEVANNO RUSSELL ("Plaintiff") as follows:

28   / / /

                                              1

EXHIBIT A PAGE 4

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff.  Defendants deny, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or by any act or omission by any agent or employee of Defendants.  Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendants assert the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendants assert the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendants also hereby give notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.     The causes of action stated in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Government Code sections 12960(d) and 12965(b); California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(a), and 343.

/ / /

/ / /

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT A, PAGE 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

3.　　The Complaint and each cause of action alleged therein are barred by the after-acquired evidence doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.　　Plaintiff, by the exercise of reasonable effort and/or care, could have mitigated the amount of damages alleged to have been suffered, but Plaintiff has failed, neglected and refused, and continues to fail, neglect and refuse to exercise a reasonable effort to mitigate any and all damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.　　Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of Defendants' anti-discrimination, anti-harassment, and anti-retaliation procedures by failing to timely and properly report any alleged discrimination or other unlawful behavior and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction / Failure to Exhaust Administrative Remedies)**

6.　　This court lacks subject matter jurisdiction in that Plaintiff failed to timely and properly exhaust his administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7.　　Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered, if any such conduct is discovered by Defendants through discovery.

3

EXHIBIT A - PAGE 6

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of consent insofar as the conduct of which Plaintiff complains was incident to the parties' relationship.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.    Plaintiff has waived the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.    Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Facts Alleged Insufficient to Support Claim for Punitive Damages)**

11.    Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages to show that Defendants engaged in oppressive, fraudulent or malicious conduct; or to support allegations of gross or reckless disregard for the rights of Plaintiff or that Defendants were motivated by evil motive or intent.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

12.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendants for the alleged acts referred to in the Complaint on the grounds that said acts, if any, were performed by an employee of Defendants and that none of officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendants, or their officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendants employ said employee with a conscious disregard of the rights or safety of others. (California Civil Code section 3294.)

4
DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES

EXHIBIT A PAGE 7

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Violate Procedural and Substantive Due Process)**

13.    Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate Defendants' constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

14.    Any and all claims by Plaintiff for damages for emotional, mental and/or physical distress or injury, are preempted by the Workers' Compensation Act, California Labor Code section 3200 *et seq.*, as the alleged injuries arose as a result of and in the course and scope of his employment. This Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant certain remedies which are within the exclusive province of the Workers' Compensation Appeals Board.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

15.    Any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendants, including the acts and omissions of Plaintiff himself.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Civil Code Section 1431.2)**

16.    Any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities other than Defendants.

1    Accordingly, Defendants are entitled to an allocation of any and all non-economic damages pursuant

2    to California Civil Code section 1431.2.

3                            **SEVENTEENTH AFFIRMATIVE DEFENSE**

4                            **(Mixed Motive as to All Causes of Action)**

5            17.    Assuming, arguendo, that there was a violation of the Fair Employment and Housing

6    Act and/or other violation of law, the Complaint is barred because even without any said

7    impermissible factor, all actions taken herein still would have been taken due to legitimate, non-

8    prohibited, and/or independent reason(s). Defendants raise the "mixed-motive" defense.

9                            **EIGHTEENTH AFFIRMATIVE DEFENSE**

10                            **(Business Judgment)**

11           18.    The Complaint and each cause of action alleged therein are barred because

12   Defendants' decisions were, and are, based on its good-faith business judgment.

13                            **NINETEENTH AFFIRMATIVE DEFENSE**

14                            **(Outside Scope of Employment)**

15           19.    The Complaint and each cause of action alleged therein are barred because, if the

16   alleged conduct occurred, it occurred outside the normal course and scope of employment of the

17   agents or employees of Defendants, if any, and was not authorized or ratified by Defendants.

18                            **TWENTIETH AFFIRMATIVE DEFENSE**

19                            **(Laches)**

20           20.    Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly,

21   this action is barred by laches.

22                            **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23                            **(Appropriate Remedial Action)**

24           21.    Each of Plaintiff's purported causes of action are barred as Defendants took all

25   reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once it was

26   made aware of Plaintiff's complaint, if he in fact complained. (*Wellpoint Health Networks v.*

27   *Superior Court* (1997) 59 Cal.App.4th 110.)

28   / / /

EXHIBIT A, PAGE 9

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Offset)

3      22.      To the extent Plaintiff sustained any damage as a result of the conduct alleged in the

4    Complaint, which Defendants deny, then Defendants are entitled to an offset to the extent that

5    Plaintiff received income from other sources, including Workers' Compensation, or alternative

6    and/or subsequent employment.

7

## TWENTY-THIRD AFFIRMATIVE DEFENSE

8

### (At-Will Employment)

9      23.      The causes of action stated in the Complaint are barred, in whole or in part, because

10   Plaintiff's employment status was for no specific term and therefore terminable at-will pursuant to

11   California Labor Code section 2922.

12

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

13

### (Failure to Cooperate in the Interactive Process)

14     24.      Defendants allege that Plaintiff failed to cooperate in the interactive process of

15   reasonable accommodation.

16

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17

### (Pre-existing Condition)

18     25.      To the extent Plaintiff suffered any symptoms of mental or emotional distress or

19   injury, they were the result of a pre-existing disorder or alternative concurrent cause, and not the

20   result of any act of omission of Defendants.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Plaintiff Not Qualified Individual With Disability)

23     *26.*      Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

24   Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

25   Plaintiff is not and was not a qualified individual with a disability within the meaning of the

26   California Fair Employment and Housing Act, California Government Code section 12940 *et seq.*

27   / / /

28   / / /

---

7

1

2

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Request Accommodation)

3    27.    Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

4  Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

5  Plaintiff failed to request reasonable accommodation of his alleged disability.

6

7

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defendants Provided Reasonable Accommodation)

8    28.    Defendants allege that Plaintiff's Causes of Action for Disability Discrimination,

9  Failure to Accommodate, and Failure to Engage in the Interactive Process are barred because

10  Defendants reasonably accommodated his alleged disability.

11

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff Unable to Perform Duties)

13    29.    Defendants allege that Plaintiff's Complaint and each cause of action therein is barred

14  because Plaintiff, as a result of his disability or medical condition, is unable to perform the essential

15  duties of the position from which he was discharged, even with reasonable accommodation.

16

17

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

18    30.    The Complaint, and each of its causes or action, is barred because any recovery from

19  Defendants would result in Plaintiff's unjust enrichment.

20

21

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies under Workers' Compensation Act)

22    31.    Plaintiff is barred from, and has waived, any recovery for any alleged physical or

23  emotional injury or distress, to the extent that Plaintiff has failed to pursue and exhaust his remedies,

24  if any, under the Workers' Compensation Act, California Labor Code section 3200 *et seq.*

25

26

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Matters Not Within Scope of DFEH/EEOC Charge)

27    32.    To the extent that the causes of action brought under the FEHA contain allegations

28  regarding matters that were not reasonably within the scope of any complaint or charge Plaintiff

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT FOR DAMAGES        EXHIBIT A - PAGE 11

allegedly filed with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, they are barred.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages Not Recoverable)

33.     Plaintiff is barred from recovering punitive or exemplary damages because Defendants had in place a policy to prevent discrimination, harassment, and/or retaliation in its workplace and made good faith efforts to implement and enforce that policy.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Employer)

34.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff cannot establish that Plaintiff was engaged in an employment relationship with Defendant Sodexo, Inc.; and Sodexo Remote Sites USA, Inc.; and Defendant Sodexo, Inc. and Affiliated Companies. These entities are therefore improper defendants as Plaintiff cannot state claims against entities that did not employ Plaintiff.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

35.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff agreed to arbitrate his claims.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

36.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendants with respect to Plaintiff's employment were reasonably based on the facts as Defendants understood them.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Federal Enclave)

37.     Plaintiff's claims are barred in whole or in part by the federal enclave doctrine wherein exclusive federal jurisdiction applied to the locations where Plaintiff worked for Defendants and his alleged state law claims arose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

38.     As a separate and affirmative defense to the Complaint and to each purported claim for relief alleged therein, any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred because Defendants had legitimate, non-discriminatory and non-retaliatory reasons for all of its conduct toward Plaintiff.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

39.     As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that they currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

WHEREFORE, Defendants pray as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered in favor of Defendants;

3.     For costs of suit and for attorneys' fees incurred; and

4.     For such other and further relief as the Court deems just and proper.

DATED:  September 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____

Angela Pak
Nicole A. Naleway

Attorneys for Defendants
Sodexo, Inc.; Sodexo Remote Sites USA, Inc.; Sodexo, Inc. and Affiliated Companies; and SDH Services West, LLC

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT + DAMAGES

EXHIBIT A - PAGE 13

**PROOF OF SERVICE**
*Jevanno Russell v. Sodexo, Inc., et al.*
Case No. 37-2022-00030509-CU-WT-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On September 14, 2022, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S
COMPLAINT FOR DAMAGES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

  ☐ the written confirmation of counsel in this action:
  ☐ [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message

11

1    or other indication that the transmission was unsuccessful.

2    ☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

3    Executed on September 14, 2022, at Costa Mesa, California.

4

5    _____

6    Dianna Kinnamon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3      Seung Yang, Esq.                           Attorneys for Plaintiff
       Christopher L. Russell, Esq.               Jevanno Russell
4      Jessica M. Abreu, Esq.
       MOON & YANG, APC
5      1055 W. Seventh St., Suite 1880
       Los Angeles, CA  90017
6      Telephone:    213-232-3128
       seung.yang@moonyanglaw.com
7      chris.russell@moonyanglaw.com
       jessica.abreu@moonyanglaw.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF JEVANNO RUSSELL'S COMPLAINT + DAMAGES        EXHIBIT A - PAGE 16

# EXHIBIT "B"

## U.S. District Court — Judicial Caseload Profile

**CALIFORNIA SOUTHERN**

| | | | Mar 31 2017 | Mar 31 2018 | Mar 31 2019 | Mar 31 2020 | Mar 31 2021 | Mar 31 2022 | U.S. | Circuit |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | **12-Month Periods Ending** | | | | | | **Numerical Standing Within** | |
| **Overall Caseload Statistics** | Filings [1] | | 7,988 | 9,935 | 9,636 | 9,902 | 7,750 | 7,712 | | |
| | Terminations | | 7,595 | 7,904 | 8,986 | 8,826 | 6,688 | 8,294 | | |
| | Pending | | 5,305 | 5,830 | 5,628 | 6,194 | 6,952 | 5,970 | | |
| | Percent Change in Total Filings Current Year Over Earlier Year | | -3.5 | -22.4 | -20.0 | -22.1 | -0.5 | | 29 | 3 |
| | Number of Judgeships | | 13 | 13 | 13 | 13 | 13 | 13 | | |
| | Vacant Judgeship Months [2] | | 6.0 | 16.7 | 43.1 | 60.0 | 55.7 | 79.9 | | |
| **Actions per Judgeship** | **Filings** | Total | 614 | 764 | 741 | 762 | 596 | 593 | 19 | 4 |
| | | Civil | 255 | 214 | 236 | 213 | 207 | 166 | 82 | 11 |
| | | Criminal Felony | 276 | 459 | 411 | 445 | 306 | 309 | 4 | 2 |
| | | Supervised Release Hearings | 83 | 90 | 94 | 104 | 83 | 118 | 5 | 3 |
| | Pending Cases [2] | | 408 | 448 | 433 | 476 | 535 | 459 | 51 | 7 |
| | Weighted Filings [2] | | 519 | 634 | 606 | 656 | 605 | 553 | 20 | 4 |
| | Terminations | | 584 | 608 | 691 | 679 | 514 | 638 | 14 | 4 |
| | Trials Completed | | 14 | 14 | 17 | 10 | 3 | 10 | 70 | 7 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 4.9 | 4.5 | 4.4 | 4.4 | 7.2 | 8.0 | 7 | 3 |
| | | Civil [2] | 6.4 | 6.4 | 6.3 | 6.1 | 7.3 | 7.2 | 14 | 2 |
| | From Filing to Trial [2] (Civil Only) | | 32.6 | 36.2 | 30.5 | 31.9 | 28.3 | 46.9 | 51 | 7 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old [2] | | 281 9.6 | 382 13.4 | 590 21.0 | 705 25.4 | 592 21.3 | 544 24.2 | 82 | 13 |
| | Average Number of Felony Defendants Filed per Case | | 1.2 | 1.1 | 1.1 | 1.2 | 1.1 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | 52.8 | 50.8 | 52.3 | 53.5 | 62.1 | 67.0 | | |
| | | Percent Not Selected or Challenged | 44.8 | 40.4 | 43.0 | 42.6 | 49.0 | 51.3 | | |

### 2022 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense

| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Civil | 2,158 | 113 | 43 | 407 | 4 | 18 | 97 | 250 | 179 | 164 | 439 | 1 | 443 |
| Criminal [1] | 4,014 | 6 | 2,140 | 1,379 | 73 | 94 | 70 | 26 | 1 | 2 | 58 | 54 | 111 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

[1] Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

[2] See "Explanation of Selected Terms."

**PROOF OF SERVICE**
*Jevanno Russell v. Sodexo, Inc., et al.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On September 15, 2022, I served the following document(s):

**DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐   the written confirmation of counsel in this action:
☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

3
DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1

☐   **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

2

3

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

4

5

6

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

7

8

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

9

10

Executed on September 15, 2022, at Costa Mesa, California.

11

12

Dianna Kinnamon

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

1

# SERVICE LIST

2

3    Seung Yang, Esq.                        Attorneys for Plaintiff
Christopher L. Russell, Esq.          Jevanno Russell

4    Jessica M. Abreu, Esq.
MOON & YANG, APC

5    1055 W. Seventh St., Suite 1880
Los Angeles, CA  90017

6    Telephone:  213-232-3128
seung.yang@moonyanglaw.com

7    chris.russell@moonyanglaw.com
jessica.abreu@moonyanglaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

DECLARATION OF NICOLE A. NALEWAY IN SUPPORT OF DEFENDANTS'
NOTICE OF REMOVAL