Angela Pak CA Bar No. 240177
angela.pak@ogletree.com
Nicole A. Naleway CA Bar No. 300701
nicole.naleway@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendants
Sodexo, Inc.; Sodexo Remote Sites USA, Inc.; Sodexo, Inc. and Affiliated Companies; and SDH Services West, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVANNO RUSSELL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. '22CV1403 RBM WVG<br><br>**DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently herewith Notice of Removal; Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Nicole A. Naleway; and Notice of Related Cases*]<br><br>Complaint Filed: August 1, 2022<br>Trial Date:          None Set<br>District Judge:    Hon. Pending<br>Magistrate Judge: Hon. Pending |

DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

# DECLARATION OF KIMBERLY SHACKLEFORD

I, Kimberly Shackleford, declare as follows:

1. I am employed by Sodexo Operations, LLC, and I work as a Senior Paralegal for Defendant Sodexo, Inc. ("Company"). In my position, I have access to information and data regarding the business operations of Sodexo and its affiliated entities including SDH Services West, LLC, and Sodexo Remote Sites USA, Inc., and information regarding the overall direction, control, and coordination of those activities. The entity Sodexo, Inc. and Affiliated Companies does not exist.

2. This declaration is based on my personal knowledge, and if called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them. To the extent this declaration is based upon business records, those records are kept in the regular course of business, entries are made on those records in a timely manner by people with knowledge of the information being entered, and it is the regular practice of Sodexo, Inc.'s; SDH Services West, LLC's; and Sodexo Remote Sites USA, Inc.'s business to maintain such records.

3. At the time the Complaint was filed, Sodexo, Inc. was, and still is, incorporated in the State of Delaware. Its principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland.

4. Seven out of ten of Sodexo Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at the corporate headquarters in Gaithersburg, Maryland. These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices.

5. The predominant number of Sodexo Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. These chief executives are responsible for the direction, control and coordination of the activities covered by their respective offices.

6. Sodexo, Inc., by and through the predominant number of its Corporate Officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo's operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo's tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo's workforce; (6) bid support and development of processes and solutions for Sodexo's segment teams; (7) assistance to Sodexo's segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters.

7. Sodexo, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state.

8. SDH Services West, LLC, is a Delaware limited liability company. Sodexo America, LLC, a Delaware limited liability company, is, and was the time the Complaint was filed, the sole member of SDH Services West, LLC.

9. Sodexo Management, Inc. is, and was at the time the Complaint was filed, the sole member of Sodexo America, LLC. Sodexo Management, Inc. is a New York corporation. Its principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland.

10. Seven out of ten of Sodexo Management, Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at the corporate headquarters in Gaithersburg, Maryland. These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices.

11. The predominant number of Sodexo Management, Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. These chief executives are responsible for the direction, control and coordination of the activities covered by their respective offices.

12. Sodexo Management, Inc., by and through the predominant number of its Corporate Officers, its chief executives of its critical business functions, and their

supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo Management, Inc.'s operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo Management, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo Management, Inc.'s workforce; (6) bid support and development of processes and solutions for Sodexo Management, Inc.'s segment teams; (7) assistance to Sodexo Management, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. Sodexo Management, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state.

13. At the time the Complaint was filed, Sodexo Remote Sites USA, Inc. was, and still is, incorporated in the State of Delaware. Its principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland.

14. Sodexo Remote Sites USA, Inc., by and through the predominant number of its Corporate Officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg,

Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo Remote Sites USA, Inc.'s operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo Remote Sites USA, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo Remote Sites USA, Inc.'s workforce; (6) bid support and development of processes and solutions for Sodexo Remote Sites USA, Inc.'s segment teams; (7) assistance to Sodexo Remote Sites USA, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. Sodexo Remote Sites USA, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state.

15. Defendant Sodexo Remote Sites USA, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state.

16. The entity Sodexo, Inc. and Affiliated Entities does not exist.

17. As a Senior Paralegal for Sodexo, Inc., I have personal knowledge of, and in the ordinary course of business, have access to Sodexo, Inc.'s, Sodexo Remote Sites USA, Inc.'s, and SDH Services West, LLC's, corporate and business records,

including personnel and payroll records, including personnel files, wage statements, and termination documents.

18.   Based upon my review of SDH Services West, LLC's, records, Plaintiff Jevanno Russell was employed by SDH Services West, LLC from August 26, 2011 until July 8, 2021. According to SDH Services West LLC's records, Plaintiff earned $19.74 per hour at the time of his termination, and on average, worked approximately five days a week for an average of 40 hours per week.

19.   Based on my review of the applicable corporate and business records for Sodexo and SDH Services West, LLC, Mr. Russell has resided in California since his employment began on August 26, 2011, and specifically in San Diego County at the time that he was terminated on July 8, 2021.

I declare under penalty of perjury under the laws of the state of California and the United States of America that the foregoing is true and correct.

Executed on Sept 15, 2022, at Gaithersburg, Maryland.

_____
Kimberly Shackleford

6

Case No. Pending
DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

**PROOF OF SERVICE**
*Jevanno Russell v. Sodexo, Inc., et al.*
Case No. **'22 CV1403 RBM WVG**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On September 15, 2022, I served the following document(s):

**DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

7
DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

☐     the written confirmation of counsel in this action:
☐     **[Federal Court]** the written confirmation of counsel in this action and order of the court:

☐     **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 15, 2022, at Costa Mesa, California.

*/s/ Dianna Kinnamon*
Dianna Kinnamon

---

8
DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

# SERVICE LIST

| | |
|---|---|
| Seung Yang, Esq.<br>Christopher L. Russell, Esq.<br>Jessica M. Abreu, Esq.<br>MOON & YANG, APC<br>1055 W. Seventh St., Suite 1880<br>Los Angeles, CA  90017<br>Telephone:  213-232-3128<br>seung.yang@moonyanglaw.com<br>chris.russell@moonyanglaw.com<br>jessica.abreu@moonyanglaw.com | Attorneys for Plaintiff<br>Jevanno Russell |

9

DECLARATION OF KIMBERLY SHACKLEFORD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446