Seung Yang (SBN 249857)
E-mail: *seung.yang@moonyanglaw.com*
Christopher L. Russell (SBN 306082)
E-mail: *chris.Russell@moonyanglaw.com*
Jessica M. Abreu (SBN 343366)
E-mail: *jessica.abreu@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128

Attorneys for Plaintiff
JEVANNO RUSSELL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/01/2022** at 05:36:26 PM
Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JEVANNO RUSSELL, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>SODEXO, INC., a Delaware Corporation; SODEXO REMOTE SITES USA, INC., a Delaware Corporation; SODEXO, INC. AND AFFILIATED COMPANIES, a business of form unknown; SDH SERVICES WEST, LLC, a Delaware Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No.: 37-2022-00030509-CU-WT-CTL<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br>3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>4. **RETALIATION IN VIOLATION OF FEHA;**<br>5. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION, AND/OR RETALIATION;**<br>6. **VIOLATION OF THE CFRA;**<br>7. **RETALIATION IN VIOLATION OF THE CFRA;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>[JURY TRIAL DEMANDED] |

COMES NOW Plaintiff Jevanno Russell for his Complaint against Defendants Sodexo, Inc., Sodexo Remote Sites USA, Inc., Sodexo, Inc. and Affiliated Companies, SDH Services West, LLC, and DOES 1 through 25 (herein collectively referred to as "Defendants"), and each of them, complains and alleges as follows:

**THE PARTIES**

1.    Plaintiff Jevanno Russell ("Plaintiff" or "Russell") is, and at all relevant times herein was, an individual residing in the County of San Diego, State of California.

2.    Plaintiff is informed and believes and thereon alleges that Defendant Sodexo, Inc. ("Defendant" or "Sodexo") is, and at all relevant times was, a Delaware Corporation that conducts business in the County of San Diego, State of California.

3.    Plaintiff is informed and believes and thereon alleges that Defendant Sodexo Remote Sites USA, Inc. ("Defendant" or "SRSU") is, and at all relevant times was, a Delaware Corporation that conducts business in the County of San Diego, State of California.

4.    Plaintiff is informed and believes and thereon alleges that Defendant Sodexo, Inc. and Affiliated Companies ("Defendant" or "SIAC") is, and at all relevant times was, a business of form unknown that conducts business in the County of San Diego, State of California.

5.    Plaintiff is informed and believes and thereon alleges that Defendant SDH Services West, LLC. ("Defendant" or "SDH") is, and at all relevant times was, a Delaware Limited Liability Company that conducts business in the County of San Diego, State of California.

6.    Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that the DOES are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages in the Plaintiff's complaint. When the true names and capacities of DOES 1 through 25 are determined, Plaintiff will amend this complaint to allege the true names and capacities of such DOE defendants.

7.     Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants, whether said authority was actual or apparent. "Defendants", as used herein, means each and all of the Defendants, unless the context requires otherwise.

8.     Plaintiff is informed and believes and thereon alleges that Defendants' improper conduct alleged herein occurred in the County of San Diego in the State of California.

## GENERAL ALLEGATIONS

9.     In or around August 2011, Russell was hired by Defendant as a Chief cook until on or about July 11, 2021 when he was wrongfully terminated.

10.     In or around June 2020, Russell was diagnosed with anxiety and depression. Russell informed Defendants.

11.     In or around June 2021, Russell verbally complained several times to Defendants about pain in his elbow. Russell began wearing an elbow wrap.

12.     On or about June 24, 2021, Russell took three days off work because of the pain in his elbow.

13.     On or about June 27, 2021, Russell went to an emergency room because of the pain in his elbow. Russell was placed on medical leave. Russell immediately notified Defendants. Russell's medical leave was thereafter extended.

14.     On or about June 28, 2021, Defendants told Russell to return to work on July 11, 2021 for a meeting.

15.     On or about July 11, 2021, Russell returned to work and was immediately terminated by Defendants.

16.     Russell is informed and believes and thereon alleges that the Defendants terminated Russell's employment in retaliation for being disabled, for taking time off of work

because of Russell's injuries/disability/medical condition, and/or for other discriminatory reasons.

17.     Defendants failed to go through a good faith interactive process with Russell to determine effective reasonable accommodations before terminating Russell.

18.     Defendants also failed to accommodate Russell's disability or perceived disability, and instead terminated Russell.

19.     Russell suffered from a physical disability as defined by the Fair Employment and Housing Act ("FEHA"). More specifically, Russell suffered from, amongst other things, anxiety, depression, an elbow injury, and related conditions which interfered with Russell's major life activities, including but not limited to working. Russell was a qualified individual with a disability because he was a disabled individual who could either with or without reasonable accommodations perform the essential functions of his job, or alternatively another job he was qualified for and desired. Russell is accordingly entitled to the protections of FEHA.

20.     Alternatively, Russell was perceived by Defendants as being disabled within the meaning of FEHA.

21.     Russell is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

22.     Russell has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH and obtaining the requisite "Right to Sue" notice.

23.     On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

24.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the

foregoing paragraphs as the employer of Russell. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

### FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA – Against All Defendants)

25.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

26.     FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

27.     Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff from Plaintiff's position on the basis of Plaintiff's disability, failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation, failing to provide Plaintiff with a reasonable accommodation, and failing to enter into the interactive process with Plaintiff in a meaningful way, Defendants violated FEHA.

28.     Plaintiff is informed and believes and thereon alleges, that Plaintiff's disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of Government Code §12940(a)(m) and (n).

29.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

30.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

31.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

32.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

33.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Failure to Engage in a Good Faith Interactive Process in Violation of FEHA – Against All Defendants)

34.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

35.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled. Alternatively, Defendants perceived Plaintiff as being physically and/or mentally disabled.

36.     Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

37.     Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code §12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, and by instead terminating Plaintiff.

38.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

39.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

40.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

41.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

42.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate in Violation of FEHA – Against All Defendants)

43.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

44.     Plaintiff was physically and/or mentally disabled within the meaning of FEHA, all as aforepled.  Alternatively, Defendants perceived Plaintiff as being physically and/or mentally disabled.

45.     Government Code § 12940(m) requires an employer to provide reasonable accommodations to employees with known disabilities. The employer also has an affirmative duty to inform disabled individuals of other job opportunities and ascertain whether the employee is interested in, or qualified for said positions.

46.    Plaintiff is informed and believes and thereon alleges that Defendants and each of them independently violated FEHA by refusing to accommodate Plaintiff's disability or perceived disability, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, by refusing to allow Plaintiff to return to work with work restrictions, by not advising Plaintiff of other open job opportunities that Plaintiff was qualified to perform, and by instead terminating Plaintiff.

47.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

48.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

49.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

50.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

51.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA – Against All Defendants)

52.    Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

53.    Plaintiff was subjected to adverse employment actions including, but not limited to, termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising Plaintiff's rights, and/or Plaintiff's disabilities. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

54.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

55.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

56.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

57.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

58.    The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's disability, thereby entitling Plaintiff to punitive damages.

//
//
//
//
//

**FIFTH CAUSE OF ACTION**

**(Failure to Take All Reasonable Steps to Prevent Discrimination, and/or Retaliation In**

**Violation of FEHA – Against All Defendants)**

59.     Plaintiffs hereby incorporate by reference all foregoing paragraphs of this complaint as though fully set forth herein.

60.     Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination, and retaliation to which Plaintiff was subjected in violation of California Government Code § 12940(k).

61.     The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

62.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

63.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

64.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

65.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

66.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiffs' rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against, and/or retaliated against Plaintiff because of Plaintiff's disabilities, thereby entitling Plaintiff to punitive damages.

## SIXTH CAUSE OF ACTION

### (Violation of the California Family Rights Act – Against All Defendants)

67.     Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

68.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves.  Further, at all times relevant herein, Plaintiff had a qualifying serious health condition that involved inpatient care in a hospital, hospice; or residential health care facility and/or continuing treatment or continuing supervision by a health care provider.

69.     Defendants are employers covered by and subject to the California Family Rights Act because they employed fifty (50) or more persons, within a 75 mile radius of Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

70.     Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act.  This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take leave to care for their own serious medical condition or having taken such leave, as well as failing to reinstate Plaintiff to his former (or comparable) position upon return from his leave. (Government Code §§12945.2 (a) and (1).

71.     Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

72.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

73.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

74.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

75.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to his damage in a sum according to proof.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of the California Family Rights Act – Against All Defendants)

76.     Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

77.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code Section 12945.2. Plaintiff has worked for Defendants for more than one (1) year and in excess of one thousand two hundred and fifty (1,250) hours in the preceding twelve (12) month period prior to his requested and/or taken leaves. Further, at all times relevant herein, Plaintiff had a qualifying

serious health condition that involved inpatient care in a hospital, hospice, or residential health care facility and/or continuing treatment or continuing supervision by a health care provider.

78.    Defendants are employers covered by and subject to the California Family Rights Act because it employed fifty (50) or more persons, within a 75 mile radius of Plaintiff's worksite, to perform services for a wage or salary for each working day of each of the twenty (20) calendar weeks preceding and following the leave period(s).

79.    Defendants violated Government Code §12945.2 et. seq. which is commonly referred to as the California Family Rights Act. This statute required Defendants to refrain from discriminating or retaliating against any employee on the basis of the employee's need to take leave to tend to their own serious medical condition or having taken such leave, as well as failing to reinstate Plaintiff to his former (or comparable) position upon return from his leave. (Government Code §§12945.2 (a) and (1). Plaintiff exercised his right to California Family Rights Act leave and was retaliated against and terminated by Defendants on account of Plaintiff's exercise of Plaintiff's right to take such leave. Plaintiff believes that exercise of such leave was a motivating and substantial factor in Defendants' termination of Plaintiff's employment.

80.    Defendants engage in a pattern and practice of discriminating, retaliating and/or otherwise terminating employees for illegal and prohibitive reasons in violation of State and Federal Laws and/or Statutes, including but not limited to the Fair Employment and Housing Act and the California Family Rights Act.

81.    As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

82.    As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

83.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

84.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

## EIGHTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy – Against All Defendants)

85.     Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

86.     Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, terminated Plaintiff in retaliation for being disabled, taking time off/medical leave because of Plaintiff's injuries/disabilities Plaintiff's requests for accommodations, for Plaintiff's complaints, and/or for other discriminatory reasons.

87.     Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of the California Constitution, both of which prohibit discrimination based upon physical injury and/or medical treatment, and which consider physical injury discrimination to be a form of disability discrimination.

88.     As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

89.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

90.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

91.     As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

92.     The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California.  Specifically, Defendants discriminated Plaintiff because of his disability, leave, Plaintiff's complaints, and/or other protected categories, thereby entitling Plaintiff to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

### **AS TO ALL CAUSES OF ACTION**

a)  For general damages for pain and suffering according to proof;

b)  For damages for past and future medical expenses according to proof;

c)  For lost wages and other benefits according to proof;

d)  For reasonable attorneys' fees in an amount according to proof;

e)  For punitive damages in an amount according to proof;

f)  For prejudgment interest as provided by law;

g)  For costs of suit;

h)  For civil penalties, where appropriate; and

i)  For such other and further relief as the Court may deem proper.

j)  An award of liquidated damages pursuant to Section 1194.2 of the California Labor Code, including interest thereon;

p)  For other such relief as the Court deems appropriate.

Dated: July 20, 2022                    **MOON & YANG, APC**

By: _____
                    Seung Yang
                    Christopher Russell
                    Jessica Abreu
                    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: July 20, 2022

**MOON & YANG, APC**

By: _____

Seung Yang
Christopher Russell
Jessica Abreu
Attorneys for Plaintiff